UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAYMOND STINDE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-02197-GCS |
| | ) |
| ANTHONY JONES, | ) |
| JOSHUA SCHOENBECK, | ) |
| SANDY WALKER, | ) |
| and | ) |
| SARAH WOOLEY, | ) |
| | ) |
| | ) |
| **Defendants.**[1] | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's motion for recruitment of counsel. (Doc. 25). Based on the following, the Court **GRANTS** the motion. Civil litigants do not have a constitutional or statutory right to counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has the discretion to recruit counsel to represent indigents in appropriate cases. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine (what are known as) the

---

[1] The Court **DIRECTS** the Clerk of the Court to change Defendants' names on the docket to reflect the names contained in the answer. *See* (Doc. 23).

*Pruitt* factors and apply them to the specific circumstances of this case. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id*. at 761 (quoting *Pruitt*, 503 F.3d at 654).

The circumstances presented in this case warrant recruitment of counsel. *See, e.g.*, *Santiago*, 599 F.3d at 765 (stating that "[t]he situation here is qualitatively different from typical prison litigation."). The Court finds that at this juncture, Plaintiff requires counsel to help him litigate this matter. Despite making reasonable efforts to find counsel, he has been unable to secure one. He is mentally ill and only has "some" high school education. Both impediments make it difficult to pursue these claims. As such, the Court deems it appropriate to recruit counsel to represent Plaintiff in this case and will randomly select an attorney using the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Anna Beck of Roberts Perryman, P.C., is **ASSIGNED** to represent Plaintiff Stinde in this civil rights case. On or before July 8, 2024, assigned counsel shall enter her appearance in this case. Attorney Beck is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.

Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 1, 6, 12, 23, and 24 to attorney Beck. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that, on or before **August 1, 2024**, Plaintiff, by and through counsel, may file an amended complaint. The amended complaint will then undergo preliminary review. If an amended pleading is not filed, the case shall proceed on the present complaint. With the extension of time for filing an amended complaint, the Court **EXTENDS** the dispositive motion deadline for exhaustion of administrative remedies to **September 16, 2024**.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Plaintiff is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. If Plaintiff should recover damages in this action (either by

verdict or settlement), Plaintiff and his counsel are **ADVISED** that Plaintiff will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's

website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

**Raymond Stinde**
R34993
MENARD CORRECTIONAL CENTER
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

**IT IS SO ORDERED.**

**DATED: June 21, 2024.**

Digitally signed by Gilbert C Sison
Date: 2024.06.21 15:26:57 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**